UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBAS HOSSENINI, a refugee (A212519274),<br><br>                              Petitioner,<br><br>v.<br><br>MADELINE KRISTOFF, Acting Field Office Director, San Diego Field Office, U.S. Citizenship and Immigration Services; MATTHEW T. ALBENCE, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement (ICE); CHAD F. WOLF, Acting Secretary of Homeland Security; WILLIAM BARR, United States Attorney General; and WARDEN OF IMMIGRATION DETENTION FACILITY,<br><br>                              Respondents. | Case No.:  20-CV-902 JLS (BLM)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Abbas Hossenini's Petition for a Writ of Habeas Corpus Pursuant 28 U.S.C. § 2441 ("Pet.," ECF No. 1), which was transferred to the undersigned as related to Petitioner's prior petitions, *Hossenini v. DHS/ICE Chief Counsel*, No. 18-CV-1771 JLS (BLM) (S.D. Cal. filed July 3, 2018) (the "First Petition"),

and *Hossenini v. Warden*, No. 19-CV-710 JLS (BLM) (S.D. Cal. filed Apr. 3, 2019), on June 12, 2020. *See* ECF No. 2. Petitioner, proceeding through counsel, is currently in the custody of the United States Immigration and Customs Enforcement ("ICE"), an agency of the United States Department of Homeland Security ("DHS") pursuant to home detention monitoring in San Diego County, California. Pet. ¶ 5. Petitioner alleges that his "continued detention is unlawful and violates the Immigration and Nationality Act and . . . the U.S. Constitution." *Id.* ¶ 27. Accordingly, Petitioner "respectfully requests that the Court . . . [g]rant the writ of habeas corpus and order Petitioner's immediate release from custody." *Id.* at Prayer ¶ c.

On June 25, 2020, the Court ordered Respondents Madeline Kristoff, Acting Field Director, San Diego Field Office, U.S. Citizenship and Immigration Services; Matthew T. Albence, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement (ICE); Chad F. Wolf, Acting Secretary of Homeland Security; William Barr, United States Attorney General; and Warden of Immigration Detention Facility to show cause pursuant to 28 U.S.C. § 2243 why the Petition should not be granted. *See* ECF No. 3 at 2. As of the date of this Order, the Court has received no response. *See generally* Docket. Having thoroughly reviewed Petitioner's arguments and evidence and the law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.

## BACKGROUND

The facts of this Petition are now familiar to the Parties and the Court. Petitioner incorporated into his Petition the Background section from this Court's prior Order granting in part and denying in part his petition in the First Petition, *see* Pet. ¶ 12, which the Court in turn incorporates here:

> Petitioner, a citizen and native of Afghanistan, was granted refugee status by the United Nations in 2012 in Turkey. ECF No. 10 ("Letter") at 3. Petitioner possessed no travel documents and only had a temporary ID card. *Id.* United States Immigration Officials in Turkey knew that Petitioner had no travel documents yet granted him admission into the United States. *Id.*; Pet. at 50. Petitioner was admitted into the United

States on or around September 25, 2012, Pet. at 20, and became a Legal Permanent Resident on June 30, 2014. *Id.* at 8.

While residing in the United States, Petitioner was charged with and pled guilty to multiple criminal offenses. *See id.* at 20–46. Notably, Petitioner was convicted for violating California Penal Code section 243(e)(1)—for domestic violence—on August 15, 2014, and for violating protective and stay away orders intended to prevent domestic violence on May 28, 2015, and June 13, 2016. *Id.* at 20–21, 25–28, 35–36, 41–43.

On October 21, 2016, ICE took Petitioner into custody "[p]ursuant to section [] 237(a)(2)(E)(i) of the Immigration and Nationality Act as amended for a crime of domestic violence."[1] *Id.* at 20. Because Petitioner was convicted of a crime of domestic violence within five years of entry into the United States, Petitioner was subject to removal. *Id.* at 21. On July 31, 2017, an Immigration Judge ordered Petitioner removed from the United States to Afghanistan. *Id.* at 16. Petitioner has not been removed from the United States and remains in ICE custody at the Otay Mesa Detention Center. *Id.* at 2–3.

Petitioner alleges that his "deportation officer told [him] that if [he] was not deported in six months [ICE would] release [him] in the USA." *Id.* at 3, 49. Petitioner alleges that ICE requested that Petitioner provide his travel documents so that he could be deported to Afghanistan. *Id.* at 49. Petitioner alleges he has no travel documents from Afghanistan. *Id.* On August 2 and 7, 2018, Petitioner alleges he called the Afghan Consulate, which advised him that it had processed his paperwork and sent it to ICE. Letter at 7. Petitioner has not been advised, however, of the Consulate's response or the outcome of those proceedings. *See id.* at 3–8. Instead, Petitioner has received numerous notices of "Decision to Continue Detention." *See id.* 9; Pet. at 8–10. These notices acknowledge that ICE conducted a review of

---

[1] Petitioner adds in the instant Petition that he "was taken into custody by federal officials after he completed and fulfilled his period of incarceration for the State of California offenses. Simply put, on the day Petitioner was released from County Jail for having served his sentence, he was taken into custody by federal immigration officials." Pet. ¶ 13.

Petitioner's file record and determined that he would not be released from custody. *See* Letter at 9; Pet. at 8–10. The most recent notice of "Decision to Continue Detention" provided by Petitioner is dated August 15, 2018. Letter 9.

On July 3, 2018, Petitioner filed this Petition for Writ of Habeas Corpus. *See generally* Pet. On August 19, 2019, the Court issued an Order to Show Cause to Respondent, Chief Counsel for DHS/ICE, why the Petition should not be granted. ECF No. 12. As of the date of this Order, Respondent has neglected to submit any response to the Court.

Pet. ¶ 12; *see also* Order Granting in Part and Denying in Part Petition for Writ of Habeas Corpus ("First Order") at 2–3, First Petition (filed Oct. 16, 2019), ECF No. 13.

On October 16, 2019, the Court granted in part and denied in part the First Petition, concluding that "ICE ha[d] held Petitioner in prolonged detention without adequate procedural safeguards," First Order at 5, and that "Petitioner [wa]s entitled to a bond hearing before an [Immigration Judge ("IJ")] within thirty (30) days of the date on which this Order [wa]s electronically docketed." *Id.* at 7 (emphasis in original); *see also id.* at 8.

It is unclear from the instant Petition whether Petitioner was ever provided the ordered bond hearing before an IJ, *see generally* Pet., although it does appear that Petitioner is now on home detention. *See id.* ¶ 16. Nonetheless, Petitioner has been in federal custody for three years since the IJ ordered his removal. *Id.* ¶ 15. He has "fully cooperated with federal officials and complied with all laws," *id.* ¶ 16; "has done nothing to impair or impede federal officials from enforcing or executing the Order for Removal," *id.* ¶ 17; and "has consistently maintained that he would obey the Removal Order if provided travel documents." *Id.*

## ANALYSIS

### I. Jurisdiction

As a preliminary matter, the Court must determine whether it has jurisdiction to hear the merits of Petitioner's claim. A federal district court has jurisdiction to hear habeas claims under 28 U.S.C. § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Jurisdiction

is proper "'with respect to the application of [sections 1221 through 1232] to an individual alien against whom proceedings under such part have been initiated.'" *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) (quoting 8 U.S.C. § 1252(f)(1)).  Although there are some statutory limitations barring judicial review of the Attorney General's exercise of discretion in removal proceedings, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Id.* at 688; *see also Jennings v. Rodriguez*, 583 U.S. ___, 138 S. Ct. 830, 841 (2018) (holding that 8 U.S.C. § 1226(e) does not bar constitutional challenges to the "statutory framework" of the Government's detention authority).  Accordingly, the Court may proceed to analyze the merits of the Petition.

## II.  Whether Petitioner's Removal Is Reasonably Foreseeable

Petitioner claims "the Court may properly find Petitioner's removal is no longer reasonably foreseeable," Pet. ¶ 24, meriting his immediate release from custody.  As explained in the First Order, *see id.* at 4, any alien who has been convicted of a crime of domestic violence is subject to removal from the United States.  8 U.S.C. § 1227(a)(2)(E)(i).  Aliens who violate protective orders also may be removed.  8 U.S.C. § 1227(a)(2)(E)(ii).  "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed."  8 U.S.C. § 1226(a).  Typically, detained aliens are removed within ninety days—the "removal period."  8 U.S.C. § 1231(a)(1)(A).  Criminal aliens—including those convicted of domestic violence and violation of a protective order—"may be detained beyond the removal period" at the discretion of the Attorney General.  8 U.S.C. § 1231(a)(6).

The Supreme Court has recognized, however, that Section 1231(a)(6) "does not permit indefinite detention," *Zadvydas*, 533 U.S. at 689, because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690.  Consequently, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699.  The post-removal-period detention is presumptively limited to six months. *Id.* at 701.  "This . . . does not mean that every alien not removed

must be released after six months"; the presumptive six-month period is rebuttable. *Id.* Following the six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. "In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700 (citing 8 U.S.C. §§ 1231(a)(3), 1253 (1994 ed., Supp. V); 8 C.F.R. § 241.5 (2001)).

Over nine months ago, the Court concluded that "Petitioner [had] demonstrate[d] 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" First Order at 5 (quoting *Zadvydas*, 533 U.S. at 701). The intervening nine months has only strengthened the Court's prior conclusion: Petitioner was ordered removed over three years ago, during which time he has remained in ICE custody. Further, in failing to respond to the Court's Order to Show Cause, ECF No. 3, Respondents have not "respond[ed] with evidence sufficient to rebut" Petitioner's showing, as required. *See Zadvydas*, 533 U.S. at 701. The Court therefore concludes that Petitioner has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future.

"Given the unreasonable length of [Petitioner]'s detention, the unforeseeability of his removal, and the failure of the government to rebut his showing that there is no significant likelihood of removal in the reasonably foreseeable future, the government's continued detention violates federal law, as construed by the Supreme Court. Therefore, he is entitled to the issuance of a writ of habeas corpus." *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006); *see also Tuan Thai v. Ashcroft*, 366 F.3d 790, 799 (9th Cir. 2004) ("Because [Petitioner]'s removal is not reasonably foreseeable, his continued post-removal-period federal detention is not authorized by 8 U.S.C. § 1231(a)(6)."). The Court therefore **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.

# CONCLUSION

In light of the foregoing, the Court **GRANTS** the Petition. Accordingly, Respondents **SHALL RELEASE** Petitioner within <u>two (2) business days</u> of the electronic docketing of this Order subject to reasonable conditions of supervision as determined in accordance with 8 U.S.C. § 1231(a)(3) and applicable regulations. Respondents **SHALL REPORT** Petitioner's release and any conditions imposed on such release within <u>five (5) days</u> of the electronic docketing of this Order. The Clerk of Court **SHALL CLOSE** this case and related actions 18-CV-1771 JLS (BLM) and 19-CV-710 JLS (BLM).

**IT IS SO ORDERED.**

Dated: August 7, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge