UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBAS HOSSENINI,<br><br>         Petitioner,<br><br>v.<br><br>MADELINE KRISTOFF, Acting Field Director, San Diego Field Office, USCIS, et al.,<br><br>         Respondents.<br><br>AND ALL CONSOLIDATED CASES | Case No.: 18-CV-1771 JLS (BLM)<br><br>**ORDER (1) GRANTING RESPONDENTS' MOTION TO VACATE, AND (2) ORDERING PETITIONER TO SHOW CAUSE WHY HIS PETITIONS FOR HABEAS CORPUS SHOULD NOT BE DISMISSED AS MOOT** |

   Presently before the Court is Respondents' Motion to Vacate, filed in each of Petitioner's three related actions for writ of habeas corpus, *Hossenini v. DHS/ICE Chief Counsel*, No. 18-CV-1771 JLS (BLM) (S.D. Cal. filed July 3, 2018) [hereinafter "*Hossenini I*"] (ECF No. 16); *Hosseini v. Warden*, No. 19-CV-710 JLS (BLM) (S.D. Cal. filed Apr. 18, 2019) [hereinafter "*Hossenini II*"] (ECF No. 11); and *Hossenini v. Kristoff*, No. 20-CV-902 JLS (BLM) (S.D. Cal. filed May 14, 2020) [hereinafter "*Hossenini III*"]

///

///

///

(ECF No. 7) (collectively, the "Motion").[1]  On August 31, 2020, the Court issued an order consolidating these cases and ordering Petitioner to respond to the Motion on or before September 17, 2020.  *See Hossenini I*, ECF No. 17.  Petitioner filed no opposition to the Motion, and on October 14, 2020, the Court vacated the hearing on the Motion and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See Hossenini I*, ECF No. 18.  Having considered Respondents' arguments and the law, the Court **GRANTS** the Motion.

## BACKGROUND

On July 3, 2018, and April 3, 2019, Petitioner, who at the time was in U.S. Immigration and Customs Enforcement ("ICE") custody at the Otay Mesa Detention Center ("OMDC"), filed in the Central District of California two petitions for habeas corpus.  *See* Mot. at 2–3.  Both cases subsequently were transferred to the Southern District of California on July 31, 2018, and April 17, 2019, respectively, given that Petitioner was detained within this District.  *See id.* at 3 (citing *Hossenini I*, ECF No. 3; *Hosseini II*, ECF No. 3).  When *Hossenini I* was transferred to this District, the U.S. Attorney's Office ("USAO") was not added to the docket or otherwise notified of the case.  *See id.* (citing *Hossenini III*, ECF No. 6-1 at 11–13).

On April 24, 2019, Petitioner was released from OMDC under an Order of Supervision, which "includes requirements that he appear in person at the request of ICE and not commit any crimes," *id.* (citing *Hossenini III*, ECF No. 6-1 at 4–8), and that he wear an electronic monitoring device, *see id.* (citing *Hossenini III*, ECF No. 6-1 at 2) (footnote omitted).  According to Respondents, Petitioner has not been in ICE custody since being released on April 24, 2019.  *See id.*

///

---

[1] The Court notes that Petitioner is denominated "Abbas Hossenini" in *Hossenini I* and *Hossenini III* but "Abbas Hosseini" in *Hosseini II* and has adopted the relevant spelling in each short-cite to these matters.  For simplicity and clarity, the Court will refer to Petitioner simply as "Petitioner" throughout this Order.

Meanwhile, on August 19, 2019, the Court issued an order to show cause ("OSC") why the *Hossenini I* petition should not be granted and ordering Respondents to file a return on or before August 29, 2019. *See id.* (citing *Hossenini I*, ECF No. 12). As Respondents were not aware of the OSC, they did not file a return as ordered. *See id.* at 2, 3. On October 16, 2019, the Court granted in part the *Hossenini I* petition (the "First Order"). *See id.* at 3–4 (citing *Hossenini I*, ECF No. 13). Again, because the USAO was not added to the docket, none of the USAO, ICE, nor the Immigration Court knew of the First Order. *See id.* at 4.

On May 14, 2020, Petitioner filed his third habeas petition. *See id.* (citing *Hossenini III*, ECF No. 1). The case was subsequently transferred to this Court pursuant to the low-number rule. *See id.* (citing *Hossenini III*, ECF No. 2). This time, the USAO was added to the docket, but "mistakenly assumed that the case was being handled by the Department of Justice's Office of Immigration Litigation" ("OIL"). *Id.* Assistant U.S. Attorney ("AUSA") Caroline C. Prime states that the first time she "became aware of this matter was on June 12, 2020, when the Civil Division docketing clerk sent an e-mail forwarding [the low-number transfer order], informing us (incorrectly) that OIL was handling this case." *Id.*

On June 18, 2020, Petitioner was arrested by the San Diego County Sheriff's Office (the "Sheriff's Office"), and, as of the date of the filing of the Motion, he remained in the Sheriff's Office's custody. *See id.* (citing *Hossenini III*, ECF No. 6-1 at 14–15; Exs. 3–4). The same day, "ICE issued an Immigration Detainer, asking the Sheriff's Office to inform ICE if Petitioner is going to be released from its custody." *Id.* at 5 (citing *Hossenini III*, ECF No. 6-1 at 16).

On June 25, 2020, the Court issued an OSC in *Hossenini III*, directing Respondents to respond to Petitioner's third petition on or before July 16, 2020. *See id.* (citing *Hossenini III*, ECF No. 3). Because the USAO "mistaken[ly] assum[ed] that OIL was handling this case," no response was filed. *Id.* Accordingly, on August 7, 2020, the Court ordered Petitioner's release from ICE custody. *See id.* (citing *Hossenini I*, ECF No. 14; *Hosseini*

*II*, ECF No. 9; *Hossenini III*, ECF No. 4 (collectively, the "Second Order")). Respondents assert that "[t]he statute and regulations that this Court ordered Respondents to comply with provide for conditions of supervision like those applied to Petitioner's release on April 24, 2019." *Id.* (citing Order at 7). On August 10, 2020, the Clerk entered judgment in all three cases. *See id.*; *see also Hossenini I*, ECF No. 15; *Hosseini II*, ECF No. 10; *Hossenini III*, ECF No. 5 (collectively, the "Judgment"). AUSA Prime "learned about this case for the second time on August 10, 2020, when the acting Civil Division docketing clerk forwarded [the Second Order]." *Id.*

On August 12, 2020, Respondents filed a Report on Petitioner's Release, providing many of the facts detailed above and informing the Court of their intention to move for relief from the First and Second Orders and Judgment. *See generally Hossenini III*, ECF No. 6. On August 28, 2020, Respondents filed the instant Motion.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a party or his legal representative may move for relief "from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." Such a motion must be made "within a reasonable time," and, for relief premised on Rule 60(b)(1), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (citing *Butner v. Neustadter,* 324 F.2d 783, 786 (9th Cir. 1963)).

"'[E]xcusable neglect' covers negligence on the part of counsel," and "the determination of whether neglect is excusable is an equitable one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

## ANALYSIS

Respondents request that the Court vacate the First and Second Orders and the Judgment pursuant to Rule 60(b)(1) and dismiss Petitioner's three habeas petitions as moot. *See* Mot. at 8. Respondents note that they filed the present Motion less than a year after the First and Second Orders were issued on October 16, 2019, and August 7, 2020, respectively, and judgment was entered on August 10, 2020. *See id.* at 6 (citations omitted). Respondents claim that, had the USAO "been initially afforded notice and opportunity to apprise this Court that the case was moot, the subsequent, unnecessary expenditure of judicial resources would have been avoided." *Id.* Respondents urge that "this Court granted relief under the mistaken understanding that Petitioner was still detained by Respondents. In addition, Respondents' regrettable failure to respond to this Court's two OSCs was excusable due to inadequate notice and confusion caused by the multiple filings, including two inter-district transfers." *Id.* at 7 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)). Respondents "acknowledge[] that [the USAO] should have contacted OIL to confirm its mistaken assumption and regrets that its failure to do so resulted in this Court's granting relief without the benefit of the relevant facts." *Id.* However, because Petitioner has been released from ICE custody since April 24, 2019, and has been in the Sheriff's Office's custody since June 18, 2020, there is no prejudice to Petitioner. *See id.*

Having considered the facts of this case in light of the *Pioneer* factors, the Court agrees that relief from the First and Second Orders and the Judgment is warranted here. Although Respondents' failure to respond to the OSCs was negligent, the Court finds that the USAO's neglect was excusable. First, Respondents provide evidence that Petitioner was released from ICE custody in April 2019 and assert that Petitioner has not been in ICE custody since. *See Hossenini III*, ECF No. 6 Exs. 1–4. To the extent this is true, the Court agrees that any potential prejudice to Petitioner is negligible. Second, although the length of Respondents' delay was in part significant—the first OSC was issued in August 2019, and Respondents' update regarding Petitioner's release was not filed until a year later in

August 2020—the blame does not appear to fall solely on the USAO, as the USAO was apparently not included on the docket and given notice of the OSC at the time. Moreover, the USAO's failure to respond did not significantly delay or adversely impact the proceedings. The First Order granted in part the petition in *Hossenini I* less than two months after the first OSC issued, and the Second Order granted the petitions in all three actions just over a month after the second OSC issued.

Third and relatedly, the Court finds forgivable the reasons provided for Respondents' failure to respond to the OSCs. As already noted, the USAO has represented it was not included on the docket and therefore did not have notice of the petitions until June 2020. Further, while it would have been prudent for the USAO to verify that OIL was handling the second OSC, the Court does not believe the failure to do so is inexcusable. And finally, Respondents aver, and their actions suggest, that they have acted in good faith. Upon entry of the Judgment, Respondents provided a status update within two days and promptly filed the present Motion. Accordingly, on balance, the Court finds that Respondents' neglect was excusable and merits the vacating of the First and Second Orders and the Judgment.

However, the Court declines to dismiss Petitioner's petitions as moot without affording Petitioner the opportunity to refute Respondents' claims that he has not been in ICE custody since April 2019, particularly as the Court recognizes that circumstances may have changed in the four months that have elapsed since the filing of the present Motion.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Respondents' Motion (*Hossenini I*, ECF No. 16; *Hosseini II*, ECF No. 11; *Hossenini III*, ECF No. 7). Accordingly, the Court **VACATES** the First Order (*Hossenini I*, ECF No. 13), the Second Order (*Hossenini I*, ECF No. 14; *Hosseini II*, ECF No. 9; *Hossenini III*, ECF No. 4), and the Judgment (*Hossenini I*, ECF No. 15; *Hosseini II*, ECF No. 10; *Hossenini III*, ECF No. 5).

Further, given Respondents' evidence that Petitioner was released from ICE custody on April 24, 2019—*see, e.g.*, *Hossenini III*, ECF No. 6 Exs. 1–4—the Court **ORDERS**

Petitioner to **SHOW CAUSE** why his Petitions should not be denied as moot.  Petitioner **SHALL FILE** a brief, not to exceed ten (10) pages, explaining why these matters are not moot <u>on or before January 27, 2021</u>.  This Order to Show Cause constitutes notice to Petitioner that the Court will dismiss these consolidated actions without prejudice pursuant to Civil Local Rule 83.1 <u>on January 28, 2021</u>, should Petitioner fail to respond to this Order.

     **IT IS SO ORDERED.**

Dated:  January 13, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge